J-S44026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEE BENJAMIN, JR., BENJAMIN CONSTRUCTION, LEE BENJAMIN CONSTRUCTION, BENJAMIN ROOFING AND MODULAR HOMES, JAMIE DIETTERICK, AND MARK DAVENPORT | : | No. 190 MDA 2020 |
| | : | |
| APPEAL OF: LEE BENJAMIN, JR., BENJAMIN CONSTRUCTION, LEE BENJAMIN CONSTRUCTION, BENJAMIN ROOFING AND MODULAR HOMES | : | |

Appeal from the Order Entered January 2, 2020
In the Court of Common Pleas of Columbia County Civil Division at
No(s): 2017-CV-1182

BEFORE: BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                **FILED: FEBRUARY 22, 2021**

Appellants Lee Benjamin, Jr., Benjamin Construction, Lee Benjamin Construction, and Benjamin Roofing and Modular Homes appeal from the order granting the motion for summary judgment in favor of Appellee Nationwide Mutual Fire Insurance Company.[1]  On appeal, Appellants contend

---

[1] The remaining two captioned defendants, Jamie Dietterick and Mark Davenport, are not parties to this appeal.

they were insured for the accident and that the ***Nanty-Glo***[2] rule precluded any grant of summary judgment. We affirm.

We adopt the facts and procedural history as set forth in the trial court's opinion. ***See*** Trial Ct. Op., 1/2/20, at 1-3. As the trial court accurately quoted, Appellants' commercial liability insurance policy with Appellee had the following relevant exclusions:

> **d. Workers' Compensation And Similar Laws**
>
> Any obligation of the insured under a workers' compensation disability benefits or unemployment law or any similar law.
>
> **e. Employer's liability**
>
> "Bodily Injury" to:
>
> (1) An "employee" of the insured arising out and in the course of:
>
> > (a) Employment by the insured; or
> >
> > (b) Performing duties related to the conduct of the insured's business; or
>
> (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

R.R. at 30a.[3]

---

[2] ***Borough of Nanty-Glo v. Am. Surety Co. of New York***, 163 A. 523 (Pa. 1932). We discuss the ***Nanty-Glo*** rule in further detail below.

[3] We may cite to the reproduced record for the parties' convenience.

The insurance policy defined "employee" as follows:

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\* \* \*

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

\* \* \*

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

R.R. at 41a-42a, 44a.

On January 2, 2020, the trial court granted Appellee's motion for summary judgment. Order, 1/2/20.[4] The trial court applied the factors set forth in **Hammermill Paper Co. v. Rust Eng'g Co.**, 243 A.2d 389, 392 (Pa. 1968) (**Hammermill**),[5] and held that Davenport was Appellants' employee

_____

[4] The order, although dated December 26, 2019, was not docketed until January 2, 2020.

[5] Briefly, "a determination regarding the existence of an employer/employee relationship is a question of law that is determined on the unique facts of each case." **Shay v. Flight C Helicopter Servs., Inc.**, 822 A.2d 1, 13 (Pa. Super. 2003) (citation omitted and formatting altered). In resolving that question, the factors set forth by the **Hammermill** Court are applied:

While no hard and fast rule exists to determine whether a particular relationship is that of employer-employee or owner-independent contractor, certain guidelines have been established and certain factors are required to be taken into consideration:

under those factors. *Id.* at 5-8. The trial court also held that Davenport was not an independent contractor under the Construction Workplace Misclassification Act (CWM Act), 43 P.S. §§ 933.1 to 933.17, which we discuss in further detail below. *Id.* at 8-11. The trial court held that the policy excluded coverage and therefore granted Appellee's motion for summary judgment. *Id.* at 12. Appellants timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellants raise the following issues, which we reordered to facilitate disposition.

1. Whether the trial [court] erred in granting Appellee's Motion for Summary Judgement where the **Nanty-Glo** Rule prevents the entry of Summary Judgment in this matter.

2. Whether the trial [court] erred in granting Appellee's Motion for Summary Judgement where the exclusion language at issue is ambiguous, and therefore should be found to not exclude coverage to [Appellants].

3. Whether the trial [court] erred in granting Appellee's Motion for Summary Judgement where Mark Davenport was not an employee of [Appellants] at the time of the injury, was a volunteer, or Davenport's employment was casual in nature.

---

Control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether work is part of the regular business of the employer, and also the right to terminate the employment at any time.

*Id.* at 13-14 (citation omitted and formatting altered).

- 4 -

Appellants' Brief at 5 (formatting altered).

In support of their first issue, after summarizing the **Nanty-Glo** rule,

Appellants' entire argument follows:

> In the case at bar, . . . Appellee solely relies on the deposition of Mark Davenport, Lee Benjamin, the Complaint of Mr. Davenport in the underlying injury accident, and the policy at issue.  The trial court should still have weighed the credibility of the testimony of Mark Davenport and Lee Benjamin to determine whether or not, as a matter of law, Davenport was an employee of [Appellants]. Therefore, the summary judgment motion should have been denied.

**Id.** at 18-19 (some formatting altered).

The following standard and scope of review applies:

> When reviewing the decision of the trial court in a declaratory judgment action, our scope of review is narrow.  Consequently, we are limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law was committed or whether the trial court abused its discretion.  The test is not whether we would have reached the same result on the evidence presented, but whether the trial court's conclusion can reasonably be drawn from the evidence.  Where the trial court's factual determinations are adequately supported by the evidence we may not substitute our judgment for that of the trial court.

**Consolidation Coal Co. v. White**, 875 A.2d 318, 325 (Pa. Super. 2005)

(citation omitted).

Because summary judgment was granted in this declaratory judgment

action, we also adhere to the following standard of review:

> Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Michael v. Stock*, 162 A.3d 465, 472-73 (Pa. Super. 2017) (citation omitted).

"The *Nanty-Glo* rule means the party moving for summary judgment may not rest solely upon its own testimonial affidavits or depositions, or those of its witnesses, to establish the non-existence of genuine issue of material fact." *Wells Fargo Bank, N.A. v. Premier Hotels Grp., LLC*, 177 A.3d 248, 250 (Pa. Super. 2017) (citation omitted and formatting altered). The rule does not apply "where the moving party supports the motion by using admissions of the opposing party or the opposing party's own witness." *Lineberger v. Wyeth*, 894 A.2d 141, 149 (Pa. Super. 2006) (citation omitted and formatting altered); *see also Com., Dept. of Environmental Resources v. Bryner*, 613 A.2d 43, 46 n.4 (Pa. Cmwlth. 1992) (explaining that "the *Nanty-Glo* rule does not apply where, as here, the deposition testimony offered in support of a summary judgment constitutes an adverse admission of a non-moving party." (citation omitted)).

Here, in support of Appellee's motion for summary judgment, Appellee relied on the deposition testimony of Davenport and Benjamin, both of whom are adverse parties to Appellee. Therefore, the trial court correctly held that

the **Nanty-Glo** rule does not apply. **See Lineberger**, 894 A.2d at 149;

**Bryner**, 613 A.2d at 46 n.4.

Next, we summarize Appellants' argument for their second issue.

Appellants begin by quoting the definitions of "employee" and "temporary

worker," from the policy at issue, which we previously quoted above.

Appellants' Brief at 13. Appellants' one paragraph argument follows:

> These definitions and exclusions are the very definition of
> ambiguous. None of the above referenced exclusions adequately
> or clearly defines employee. Appellant argues that this alone is
> enough to permit reversal of the [trial] court as "employee" is not
> defined under the policy. However, assuming *arguendo* that a
> standard definition is applied by the Court to determine if
> Davenport was an employee. [sic]. The crux of this matter then
> becomes whether Mark Davenport was an employee of Lee
> Benjamin. It is clear from the testimony that he is not an
> employee, he was volunteering his time for something to do.

*Id.* at 14.

By way of background, in interpreting an insurance policy, we are guided

by the following:

> The interpretation of an insurance policy is a question of law that
> we will review *de novo*. Our primary goal in interpreting a policy,
> as with interpreting any contract, is to ascertain the parties'
> intentions as manifested by the policy's terms. When the
> language of the policy is clear and unambiguous, we must give
> effect to that language. Alternatively, when a provision in the
> policy is ambiguous, the policy is to be construed in favor of the
> insured to further the contract's prime purpose of indemnification
> and against the insurer, as the insurer drafts the policy, and
> controls coverage.
>
> A contract is ambiguous if it is fairly susceptible of different
> constructions and capable of being understood in more than one
> sense. This question is not to be resolved in a vacuum. Rather,
> contractual terms are ambiguous if they are subject to more than

one reasonable interpretation when applied to a particular set of facts.

***Michael***, 162 A.3d at 474 (citations omitted and formatting altered).

Instantly, Appellants summarily assert that "[t]hese definitions and exclusions are the very definition of ambiguous. None of the above referenced exclusions adequately or clearly defines employee." Appellants' Brief at 14. Appellants, however, do not explain why or how Appellee's definition of "employee" and "temporary worker" are "the very definition of" ambiguous. Appellants do not identify any other "reasonable interpretation when applied to a particular set of facts." ***See Michael***, 162 A.3d at 474. This Court is not a position to act as Appellants' counsel and argue why these definitions are purportedly ambiguous, let alone identify a particular set of facts. ***See Sutton v. Bickell***, 220 A.3d 1027, 1036 (Pa. 2019) (refusing to consider undeveloped argument); ***Hess v. Hess***, 212 A.3d 520, 526 (Pa. Super. 2019) (same).[6] Appellants have not established entitlement to relief on this issue.

Last, Appellants argue that because Davenport was a volunteer, he was not an employee under the CWM Act. Appellants' Brief at 14. Appellants note

---

[6] ***See Collins v. Phila. Suburban Dev. Corp.***, 179 A.3d 69, 77 (Pa. Super. 2018) (refusing to consider the appellant's four-sentence argument, which was devoid of citation or analysis of relevant authority); ***see also Commonwealth v. Williams***, 782 A.2d 517, 532 (Pa. 2001) (Castille, J., concurring) ("This Court is neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter.").

that Davenport did not file a workers' compensation claim. *Id.* Appellants contend that this case is controlled by *Brookhaven Baptist Church v. Workers' Comp. Appeal Bd.*, 912 A.2d 770 (Pa. 2006) (*Brookhaven*). *Id.* at 16-17. After summarizing the facts of *Brookhaven*, Appellants argue as follow:

> In the case at bar, Benjamin testified that Davenport was there to keep cars safe when they came through the alley, and to pick up materials thrown off the roof. Davenport was not there to get on the roof, which of course he did on his own accord. Second, Davenport's alleged employment was clearly occasional, irregular or incidental, in that he was only helping out for the second time with Benjamin. In fact, Benjamin Construction has no employees according to Lee Benjamin. Helping out twice with no prearranged negotiated payment arrangement is clearly casual in nature.

*Id.* at 17-18.[7]

By way of background, the CWM Act "concerns the construction industry and affects the determination of who is an independent contractor versus an employee" "for purposes of workers' compensation." *Dept. of Labor & Indus. v. Workers' Comp. Appeal Bd.*, 155 A.3d 103, 111 (Pa. Cmwlth. 2017) (footnote and citation omitted).[8] Simply, "[i]f a worker falls within the

---

[7] In relevant part, Appellee notes that although the trial court relied on *Hammermill*, Appellants have not cited or discussed *Hammermill* in its appellate brief. Appellee's Brief at 23 n.5 (arguing "how can [Appellants] satisfy their burden on appeal when they have not even addressed the controlling legal framework underlying the issue they raised before this Honorable Court?").

[8] "We note that this Court is not bound by decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may

purview of the [CWM Act] and does not meet the requirements to be considered an independent contractor under the [CWM Act], then that individual will be deemed to be an employee for purposes of workers' compensation." **Id.** (citation omitted). The Commonwealth's Department of Labor & Industry (Department of Labor) enforces the CWM Act:

> **(d) Enforcement.—**If, subsequent to issuing an order to show cause under subsection (c), the secretary finds probable cause that an employer has committed a criminal violation of this act, the secretary shall refer the matter to the Office of Attorney General for investigation or impose administrative penalties under section 6.

43 P.S. § 933.4(d).[9] **See generally Dept. of Labor & Indus.**, 155 A.3d at 113 & nn.17-18 (discussing Department of Labor's enforcement activities and noting legislative history that the CWM Act was intended to give enforcement power to the Department of Labor).

Instantly, Appellee correctly notes that Appellants' appellate brief fails to address the trial court's **Hammermill** analysis. Appellants do not challenge the trial court's **Hammermill** reasoning and explain how the trial court erred.

---

turn to our colleagues on the Commonwealth Court for guidance when appropriate." **Haan v. Wells**, 103 A.3d 60, 68 n.2 (Pa. Super. 2014) (citation omitted and formatting altered).

[9] **See also** 43 P.S. § 933.6 (discussing the administrative penalties that may be imposed by the "Secretary of Labor and Industry of the Commonwealth or the secretary's authorized representative" (referencing § 933.2)), § 933.7 (stating that the secretary may issue a stop-work order for any violation), § 933.8 (noting that certain actions are subject to the provisions of administrative law), § 933.17 (stating "the department shall not be required to enforce this act until adequate funding is appropriated").

Even if we held that the trial court erred regarding its interpretation of the CWM Act, Appellants simply did not dispute the trial court's application of ***Hammermill***. Appellants therefore have not established any basis for this Court to reverse the trial court's order.

Regardless, Appellants cannot rely on the CWM Act, as the CWM Act impacts only workers' compensation law and not the interpretation of insurance policies. ***See Dept. of Labor & Indus.***, 155 A.3d at 111. Further, only the Commonwealth's Department of Labor may enforce the CWM Act and impose civil penalties. ***See*** 43 P.S. §§ 933.4(d), 933.6, 933.7, 933.8, 933.17; ***Dept. of Labor & Indus.***, 155 A.3d at 113 & nn.17-18. The Commonwealth's Department of Labor is not a party to this action, and therefore the CWM Act is inapplicable. For these reasons, Appellants are not entitled to relief. ***See Michael***, 162 A.3d at 472-73.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/22/2021

- 11 -