J-S30043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEUTCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR SAXON ASSET SECURITIES TRUST 2007-2 MORTGAGE LOAN ASSET BACKED CERTIFICATES, SERIES 2007-2 | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | No. 629 MDA 2021 |
| BRUCE R. NORTON | : : | |
| Appellant | : | |

Appeal from the Judgment Entered April 21, 2021
In the Court of Common Pleas of York County
Civil Division at No(s):  2019-SU-001422

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED: MARCH 11, 2022**

In this mortgage foreclosure case, Bruce R. Norton, *pro se*, appeals from the order granting summary judgment in favor of Deutsche Bank National Trust Company (Deutsche Bank). On appeal, Norton principally contends that the court abused its discretion when it determined the credibility of submitted affidavits that formed the underpinnings of its summary judgment decision. Moreover, Norton faults the court's admission of Deutsche Bank's request for admissions, which were directed at him. In finding no basis to reverse the lower court's ruling, we are constrained to affirm.

Norton entered into a mortgage, evinced by a mortgage note, with

_____

* Retired Senior Judge assigned to the Superior Court.

Saxon Home Mortgage on a property located in York County, Pennsylvania. Subsequently, Deutsche Bank was assigned this mortgage. When Norton ceased making payments, Deutsche Bank filed an *in rem* mortgage foreclosure complaint.

As summarized by the trial court:

[Norton] is the owner of the [p]roperty. [Norton's] last payment was on November of 2018 in the amount of $2,087.78. [Norton] was sent a [p]re-[f]oreclosure [n]otice on January 18, 2019. [Norton] claims he responded to the [n]otice within the appropriate time and made multiple attempts to explore cost mitigation options that were ultimately denied by [Deutsche Bank]. [Deutsche Bank] claims [Norton] never responded to the notice. [Deutsche Bank] alleges that as of January 5, 2021, [Norton] owes $304,588.26 on the loan. [Norton] disagrees that he owes the amount alleged by [Deutsche Bank]. [Norton] alleges that his initials on the pages of the [n]ote and the [b]alloon [n]ote are not his and therefore are forged. [Norton] also believes that the terms of the [m]ortgage [n]ote were materially altered. [Norton] does admit that the last page of the [m]ortgage [n]ote appears to contain his signature.

Memorandum Opinion Granting [Deutsche Bank's] Motion for Summary Judgment, 4/21/21, at 2.

From what can be discerned from the record, the complaint was filed on May 7, 2019. After the complaint was filed, Norton filed an answer, which further included new matter, on July 11, 2019. Approximately two months later, on September 18, 2019, Deutsche Bank filed a reply to Norton's new matter. Between those two filings, in a document dated August 7, 2019, Deutsche requested admissions, interrogatories, and documents from Norton.

On October 2, 2019, Deutsche Bank filed its first motion for summary

judgment. On October 24, Norton filed a reply to Deutsche Bank's request for admissions. Six days later, Norton filed a document objecting to Deutsche Bank's motion. Thereafter, the first motion for summary judgment was denied.

Eventually, Deutsche Bank filed a second motion for summary judgment, which was subsequently amended. Correspondingly, Norton filed an objection to this motion as well. The trial court granted this second motion.

Deutsche Bank then filed a praecipe for entry of judgment and assessment of damages in the amount of $310,301.99. In response, Norton filed, *inter alia*, a motion for reconsideration of the court's order granting summary judgment, which was denied. Norton then filed a second, but untimely, motion for reconsideration, which does not appear to have been ruled on.

Norton then filed a timely notice of appeal to this Court. The relevant parties have complied with their obligations under Pennsylvania Rule of Appellate Procedure 1925. Accordingly, this matter is ripe for review.

On appeal, Norton presents four questions for consideration[1]:

_____

[1] Norton's brief contains a fifth question, designated as his second of five: "Should corporate employees as representatives of a corporation be considered stakeholders in a corporate legal matter as an extension of the stakeholder status of the corporation with which they are employed?" Appellant's Brief, at 8. Under Pennsylvania Rule of Appellate Procedure 1925(b), Norton was required to concisely state his matters complained of on appeal. **See** Pa.R.A.P. 1925(b). As he failed to include this question, or one
*(Footnote Continued Next Page)*

1. Did the trial court abuse its discretion when it deemed Deutsche Bank's request for admissions as admitted?

2. Did the trial court abuse its discretion when it ruled Deutsche Bank's affidavit credible while concurrently ruling Norton's affidavit uncredible?

3. Did the trial court abuse its discretion by placing an unfair and higher burden of proof on Norton than it did on Deutsche Bank?

4. Did the trial court abuse its discretion when it ruled the presence of initials at the bottom of an instrument is not required by law and therefore not an issue of fact?

*See* Appellant's Brief, at 7-8.

In reviewing a challenge to an order granting summary judgment, we are guided by the following precepts:

> Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontraverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment.

> On appeal from a grant of summary judgment, we must examine the record in a light most favorable to the non-moving party. With

---

analogous to it, in his 1925(b) statement, this question is waived. *See* ***Commonwealth v. Rolan***, 964 A.2d 398, 409 (Pa. Super. 2008) ("[A]ny issue not contained in that statement is waived on appeal.").

regard to questions of law, an appellate court's scope of review is plenary. The Superior Court will reverse a grant of summary judgment only if the trial court has committed an error of law or abused its discretion. Judicial discretion requires action in conformity with law based on the facts and circumstances before the trial court after hearing and consideration.

**Weible v. Allied Signal, Inc.**, 963 A.2d 521, 525 (Pa. Super. 2008) (citation and brackets omitted). As is relevant here, "[i]n an action for mortgage foreclosure, the entry of summary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." **Cunningham v. McWilliams**, 714 A.2d 1054, 1057 (Pa. Super. 1998) (citation omitted).

In making its determination that summary judgment was appropriate, the trial court found that:

> [Norton's] defense to the action is that [Deutsche Bank] fraudulently and materially altered the terms of the [n]ote and then forged [Norton's] initials to each page. [Norton] concedes that his signature is on the last page of the [n]ote and that he made payments on the loan for over a decade.

> A trial court may disregard an affidavit when it is not wholly credible. After thorough review, the [c]ourt is unable to conclude that [Norton's] affidavit regarding his initials are credible. First, [Norton] does not provide the [c]ourt with his version of the [n]ote that he has been paying on for over a decade to show that the terms have been altered as he suggests. [Norton] has not presented the court with an expert to support the forgery allegation. [Norton] does not deny that he has failed to make a payment since November 2018 and that he owes money on the [n]ote. Moreover, there is no requirement that each page of the [n]ote be initialed.

> [Norton] failed to timely respond to [Deutsche Bank's]

- 5 -

request for admissions rendering them admitted. Under the terms of the mortgage, [Deutsche Bank] is entitled to recover all "expenses" associated with [Norton's] failure to make timely payments. [Deutsche Bank's] uncontested affidavit itemizes [Deutsche Bank's] damages including the unpaid principal balance, interest, late charges, [and] corporate and escrow advances incurred by [Deutsche Bank]. Accordingly, there remains no genuine issue of material fact.

Memorandum Opinion Granting [Deutsche Bank's] Motion for Summary Judgment, 4/21/21, at 5 (citations omitted).

Preliminarily, we note that "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefits." **Commonwealth v. Tchrikow**, 160 A.3d 798, 804 (Pa. Super. 2017). As such, "any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." **Commonwealth v. Rivera**, 685 A.2d 1011, 1013 (Pa. Super. 1996) (citation omitted).

In his first issue, Norton contends that "[t]he trial court erred in rendering [Deutsche Bank's] request for admissions as admitted." Appellant's Brief, at 26. Corresponding with this averment, Norton's brief contains four subcomponents, which, *inter alia*, state that Deutsche Bank's attorney misrepresented when the request for admissions was sent to Norton. **See id**., at 27-29. However, in this section of his brief, Norton has failed to include even a singular citation to authority.

We have explained that "arguments which are not appropriately developed are waived. Arguments not appropriately developed include those

where the party has failed to cite any authority in support of a contention." *Lackner v. Glosser*, 892 A.2d 21, 29-30 (Pa. Super. 2006) (citations omitted). Accordingly, because this Court "will not develop arguments on the behalf of an appellant," *Keller v. Mey*, 67 A.3d 1, 7 (Pa. Super. 2013) (citation omitted), Norton's failure to cite authority in support of this claim results in waiver. *See Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.*, 959 A.2d 438, 444 (Pa. Super. 2008).

In his second issue, Norton submits that the court erred "by deciding summary judgment in favor of [Deutsche Bank], in part, because it deemed [Deutsche Bank's] affidavit more wholly credible than [] Norton's." Appellant's Brief, at 31. Norton continues by indicating that Deutsche Bank "was allowed to rely on its own internally produced affidavit to establish the non-existence of material issues of fact" in violation of the *Nanty-Glo* rule[2]. *Id*., at 31-32.

While Deutsche Bank's motion for summary judgment did contain a supporting affidavit, in addition to an array of other documents, Norton does not illuminate what material fact or facts the affidavit served to demonstrate.

---

[2] *Borough of Nanty-Glo v. Am. Surety Co. of New York*, 163 A. 523 (Pa. 1932). "The *Nanty-Glo* rule means the party moving for summary judgment may not rest solely upon its own testimonial affidavits or depositions, or those of its witnesses, to establish the non-existence of genuine issue of material fact." *Wells Fargo Bank, N.A. v. Premier Hotels Grp., LLC*, 177 A.3d 248, 250 (Pa. Super. 2017) (citation omitted) (formatting altered). However, if a moving party supports its motion by utilizing admissions of the opposing party or the opposing party's own witness, the rule does not apply. *See Lineberger v. Wyeth*, 894 A.2d 141, 149 (Pa. Super. 2006).

Stated differently, Norton provides absolutely no discussion as to the affidavit's specific impact on the lower court's determination. Baldly contending there has been a ***Nanty-Glo*** rule violation, without further elaboration, is insufficient and warrants no relief.

In a somewhat similar manner, Norton next asserts that, in reaching its decision, the trial court placed a higher burden of proof on him than it did on Deutsche Bank. ***See*** Appellant's Brief, at 33. Norton states that he never had a copy of the note in his possession. Also, Norton claims that he filed with the court certain other documents to establish, in his summation, that his initials contrasted with the initials affixed to the note. ***See id***., at 34. Therefore, he "provided enough documentary evidence to support his allegation of forgery [and] that the burden of proof as to the [genuineness] of the initials should have shifted to Deutsche Bank." ***Id***., at 36. Norton also faults the court for its desire to have seen him use a handwriting expert.

Norton's fourth argument is inextricably related to the previous one, so we consider them in tandem. The gravamen of his fourth issue is that the existence of forged initials "indicates that the person who forged the initials wants people to believe a party has read, understood[,] and assents to the statement, paragraph, or page when that party has not done any of those things." Appellant's Brief, at 38. Consequently, "[f]orgery of signatures or initials after the fact must constitute material alterations of the instrument. If the initials are forged then the instrument is dead and not binding on any

party." *Id*. However, Norton also concedes that the Commonwealth of Pennsylvania *does not* require initials throughout a document for it to be a valid instrument.

The note contains Norton's full signature at the end of the document, and he has not refuted that he was the signator in that particular instance. Further, as the trial court pointed out, Norton made payments in conjunction with this note for over a decade.

A "vague and inadequate proffer," ***Payton v. Pennsylvania Sling Co.***, 710 A.2d 1221, 1226-27 (Pa. Super. 1998), is insufficient to demonstrate that summary judgment was improperly granted. Norton continues to suggest that alleged forged initials on the document, in the context of his actual signature appearing at the document's end, has legal import and renders the note invalid. Norton has not provided any authority, either on point or via analogy, to demonstrate this specific proposition.

Viewing the record in the light most favorable to Norton, he has failed to demonstrate that the lower court either abused its discretion or committed an error of law. While he contends that there is at least one triable issue of material fact, he has provided no clear basis to demonstrate that one exists. Therefore, we are compelled to affirm the lower court's order granting summary judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/11/2022